IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE M. ADAMS and TODD M. ADAMS<br>Plaintiffs, | : <br> : <br> : C.A. |
| VS. | : <br> : **07-30116-MAP** <br> : |
| AMERIQUEST MORTGAGE COMPANY<br>Defendant | : <br> : <br> : |

FILING FEE PAID:
RECEIPT # 306595
AMOUNT $ 350.00
BY DPTY CLK MGL
DATE 6/27/07

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.23 and it's Massachusetts counterparts, Massachusetts Consumer Credit Cost Disclosure Act, Mass. G.L. ch. 140D and 209 C.M.R. part 32. (hereinafter "MCCDA").

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

1

## PARTIES AND FACTS
### PLAINTIFFS

4. Plaintiffs Julie M. and Todd Adams reside at 10 Eddy Street, Orange, MA 01364. They jointly own the property.

5. On or about June 22, 2004 Plaintiffs Adams obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiffs Adams received or signed the following documents:
   1. A note in the principal amount of $144,000;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as Exhibit 1;
   5. A One Week Cancellation Period form; attached as Exhibit 2; and
   6. A HUD-1 Settlement Statement.

7. On or about June 5, 2007 Plaintiffs Adams exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

8. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

### DEFENDANT

9. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

10. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the

2

initial acquisition or construction of the residence.

11. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

12. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

## COUNT I

## TRUTH IN LENDING ACT AND THE MCCDA

13. Plaintiffs incorporate ¶¶ 1-12 as if fully set out herein.

14. Because the refinance transaction referenced herein was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the *Right To Cancel* provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23 and the corresponding provisions of the MCCDA. To ensure that home owner borrowers are aware of these rights, the statute requires lenders to disclose rescission rights to customers clearly, conspicuously and accurately. More specifically, the statute provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

15. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor deliver to each person entitled to rescind two copies of a document that "clearly and conspicuously disclose" 12 C.F.R.

§ 226.23(b)(1) the borrower's rescission rights.

16. More specifically, the Regulation provides:

> **In a transaction subject to rescission, <u>a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind</u> (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and <u>shall clearly and conspicuously disclose the following</u>:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.
> (ii) The consumer's right to rescind the transaction.
> (iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.
> (iv) The effects of rescission, as described in paragraph (d) of this section.
> (v) The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)(Emphasis added)**

## DEFECTIVE NATURE OF DISCLOSURES

### Incomplete Notices

17. The copies of the notice of right to cancel actually delivered by the Defendant in connection with Plaintiffs Adams' mortgage refinance loan were incomplete and therefore, defective in that they did not state the date of the transaction and the date of the expiration of the rescission period, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v) and the corresponding provisions of the MCCDA.

18. Defendant Ameriquest failed to deliver to the Plaintiffs a clear and conspicuous notice of their right to cancel in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23(b)(1)(v) and the corresponding provisions of the MCCDA, therefore, Plaintiffs Adams are entitled to rescind their mortgage.

### One Week Form

19. Plaintiffs Adams allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see Exhibit 2) detracts from and obfuscates the Notice of Right to Cancel (see Exhibit 1) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

20. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635, 12 C.F.R. § 226.23 and the corresponding provisions of the MCCDA.

21. Further the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

   1. A declaration that Plaintiffs are entitled to rescind;
   2. Rescission of the loan;
   3. Statutory damages;

4. Attorney's fees, litigation expenses and costs.

5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre, Bar #629056
CLAUDE LEFEBVRE
 CHRISTOPHER LEFEBVRE, P.C.
Two Dexter Street
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Lefeblaw@aol.com

**JURY DEMAND**

Plaintiffs demand trial by jury

Christopher M. Lefebvre